## J. ALLAN and MARY KATHERINE HENDERSON
## v. DEPARTMENT OF REVENUE

L. Guy Marshall, Marshall and Schwabe, Portland, represented plaintiffs.

G. F. Bartz, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered December 22, 1972.

CARLISLE B. ROBERTS, Judge.

The plaintiffs appealed from the Department of Revenue's Order No. I-72-13, requiring the plaintiff wife to pay personal income taxes pursuant to ORS chapter 316 on alimony payments received and reportable for the income tax years 1967, 1968 and 1969. The plaintiffs sought to have these periodic payments excluded from gross income by being classified as "child support" instead of "alimony."

On February 17, 1967, a decree of divorce was filed respecting the plaintiff wife and her former husband which awarded to the wife the care, custody and con-

trol of their children, a 12-year-old son, an 11-year-old daughter and an 8-year-old daughter. The decree provided that the defendant husband would pay "for the maintenance and support of plaintiff and the aforesaid minor children," the sum of $400 per month beginning the 17th day of February, 1967, all in accordance with Exhibit "A," an "Agreement Regarding Property, Custody and Support" which, by reference, was incorporated into the decree. The agreement stated:

"3. Husband shall pay commencing with February 15, 1967, to the Clerk * * * for maintenance and support of wife and the minor children, the sum of $400.00 per month. This sum will be reduced by $100.00 per month as each child reaches the age of twenty-one (21) years or is emancipated, whichever may first occur. The maintenance and support of wife and the minor children shall also be reduced by the sum of $100.00 per month upon the remarriage of wife or upon her reaching the age of sixty-five (65), whichever occurs first."

The plaintiff wife having married the plaintiff husband, an "Order Modifying Divorce Decree" was entered on May 24, 1967, altering the provisions quoted above:

"* * * by striking therefrom the monthly payment payable to the Clerk * * * in the sum of $400.00 and substituting in lieu thereof a monthly payment in the amount of $300.00. This order to be effective the 4th day of May, 1967."

On August 9, 1972, there was filed a second "Modification of Decree of Divorce," which states:

"It is hereby ORDERED that the exclusive care, custody and control of [the son], be changed from plaintiff to defendant, subject to reasonable visitation rights in plaintiff; and, it is further

"ORDERED that the provision for maintenance

and support as provided for in the Decree of Divorce dated February 17, 1967, and reduced to the sum of $300.00 per month by order dated May 23, 1967, shall remain unchanged, notwithstanding the change of custody provided herein, and defendant shall pay said sum * * *."

During the years 1967 and 1968, the pertinent Oregon statutes were ORS 316.115 and 316.370, which are based upon the Int Rev Code of 1954, § 71. For the year 1969, the Oregon personal income tax statute incorporates the federal law, including the Int Rev Code of 1954, § 71. Accordingly, the state follows federal rulings and decisions relating to the Int Rev Code of 1954, § 71, in construing the pertinent Oregon law, unless clear reason to the contrary appears. *Pac. Supply Coop. v. State Tax Com.*, 224 Or 556, 356 P2d 939 (1960); *Ruth Realty Co. v. Tax Commission*, 222 Or 290, 294, 353 P2d 524 (1960); *State v. Burke et al.*, 126 Or 651, 269 P 869, 270 P 756 (1928).

For a number of years, the issue raised in the present suit was frequently litigated. As stated by Judge Medina in *Weil et al. v. Comm.*, 240 F2d 584 (2d Cir 1957), 50 AFTR 1389, 57-1 USTC ¶ 9346:

"The cases construing and applying the terms of the statute have been numerous. In the bewildering maze of different types of separation agreements, containing a great variety of clauses requiring payments to the wife for her own maintenance and for the support of minor children, the Tax Court seems gradually to have drifted into a series of decisions, including the one at bar, which conclude that a particular agreement does 'fix' sums 'payable for the support of minor children,' when it plainly does not.

"The key words of the statute are 'payable for.' * * * The wife is not relieved of taxability on sums which she in fact expends for the support of

minor children, but only on such sums as 'the terms of the * * * instrument fix * * * as * * * payable for' that purpose. * * *"

The court finds that sums actually paid for the support of minor children out of alimony may not be claimed by the wife *when she is free to use the money for other purposes.* The court concluded:

"We hold that sums are 'payable for the support of minor children' when they are to be used for that purpose only. Accordingly, if sums are to be considered 'payable for the support of minor children,' their use must be restricted to that purpose, and the wife must have no independent beneficial interest therein. * * *"

In the same year, in the case of *Eisinger et al v. Comm.,* 250 F2d 303 (9th Cir 1957), 1 AFTR2d 381, 58-1 USTC ¶ 9132, *cert denied,* 356 US 913, 78 S Ct 670, 2 L Ed2d 586 (1958), the court, construing language very similar to that found in the present case, purported to distinguish the *Weil* decision and held that the language required one part of the payment to be deemed alimony and the other part to be child support. Plaintiffs rely on this decision.

■ A good discussion of this whole problem is found in 5 Mertens, *Law of Federal Income Taxation,* § 31A.06, at 66:

"* * * In 1961 this dispute was put to rest by the Supreme Court when it supported the view of the Second Circuit and held that the agreement, to 'fix' with reasonable clarity any specific amount or portion of the periodic payments as payable for the support of the children, must specifically designate the amounts or parts thereof allocable to the support of the children. It is not enough that this amount is left to inference or conjecture."

The case relied upon by Mertens was *Comm. v. Lester,*

366 US 299, 81 S Ct 1343, 6 L Ed2d 306 (1961), *aff'g* 279 F2d 354 (2d Cir 1960), 5 AFTR2d 1583, 61-1 USTC ¶ 9463. (See also Annot, 6 L Ed2d 1370.)

In the *Lester* case, the Commissioner of Internal Revenue cited the language in the agreement of the divorced parties, incorporated into the decree, providing, "* * * in the event that any of the [three] children of the parties hereto shall marry, become emancipated, or die, then the payments herein specified shall * * * be reduced in a sum equal to one-sixth of the payments which would thereafter otherwise accrue. * * *" It was the Commissioner's view that this was sufficient language to identify one-half of the periodic payments as having been "payable for the support" of the taxpayer's minor children and therefore not deductible by him under the Internal Revenue Code. The Tax Court approved, but the Court of Appeals reversed, holding that the agreement did not "fix" with requisite clarity any specific amount or portion of the periodic payments. The Supreme Court, speaking through Mr. Justice Clark, affirmed the Court of Appeals in this language:

> "* * * We have concluded that the Congress intended that, to come within the exception portion of § 22 (k) [subsequently, § 71], the agreement providing for the periodic payments must specifically state the amounts or parts thereof allocable to the support of the children. * * *"

The Court relied upon the Report of the Senate Finance Committee, S Rep No 1631, 77th Cong, 2d Sess 86 (1942), on § 22 (k) of the Int Rev Code of 1939, which carried forward the term "specifically designated" used in S Rep No 673, 77th Cong, 1st Sess 35 (1941), with this observation:

> " 'If, however, the periodic payments . . . are

received by the wife for the support and maintenance of herself and of minor children of the husband without such specific designation of the portion for the support of such children, then the whole of such amounts is includible in the income of the wife as provided in section 22(k). . . .'
\* \* \*"

The Court continued:

"As finally enacted in 1942, the Congress used the words 'fix' instead of the term 'specifically designated,' but the change was explained in the Senate hearings as 'a little more streamlined language.' \* \* \* As the Office of the Legislative Counsel reported to the Senate Committee:

" 'If an amount is specified in the decree of divorce attributable to the support of minor children, that amount is not income of the wife. . . . If, however, that amount paid the wife includes the support of children, *but no amount is specified for the support of the children,* the entire amount goes into the income of the wife. . . .' *Ibid.* (Italics supplied.)

"This language leaves no room for doubt. The agreement must expressly specify or 'fix' a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that 'a sufficiently clear purpose' on the part of the parties is sufficient to shift the tax. It says that the 'written instrument' must 'fix' that 'portion of the payment' which is to go to the support of the children. Otherwise, the wife must pay the tax on the whole payment. We are obliged to enforce this mandate of the Congress.

"\* \* \* \* \*

"\* \* \* Under the type of agreement here, the wife is free to spend the monies paid under the agreement as she sees fit. 'The power to dispose of

income is the equivalent of ownership of it.' *Helvering v. Horst,* 311 US 112, 118, 61 S Ct 144, 85 L Ed 75, 79, 136 ALR 655 (1940). * * *"

The defendant's Order No. I-72-13 is affirmed.